IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANGELICA BARRON**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:09-CV-0323-L** |
| | § | |
| **CLAY COOLEY GMC, L.P., COOLEY** | § | |
| **ENTERPRISES, INC., CLAY COOLEY** | § | |
| **MOTOR CO., and CLAY COOLEY, L.L.C.,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are: (1) Plaintiff's Motion to Abstain and to Remand, filed March 20, 2009; and (2) Motion for Leave to File Amended Complaint, filed April 4, 2009. After carefully considering the motions, briefs, records, and applicable law, the court **denies** Plaintiff's Motion to Abstain and to Remand; and **grants** Motion for Leave to File Amended Complaint.

Plaintiff Angelica Barron filed her Original Petition in the County Court at Law Number 3, Dallas County, Texas, on January 14, 2009, bringing claims against Defendants Clay Cooley GMC, L.P., Cooley Enterprises, Inc., Clay Cooley Motor Co., and Clay Cooley, L.L.C. (collectively, "Defendants"). She asserts claims of sexual harassment pursuant to "Title VII 29 C.F.R., part 1604.11 and Section(s) 21.1051 & 21.056 of the Texas Labor Code," and negligence.

Defendants removed the case to this court on February 19, 2009, pursuant to 28 U.S.C. § 1441 because the court has original jurisdiction over Plaintiff's Title VII claim. On March 20, 2009, Plaintiff filed her motion to abstain and to remand and stated that her Original Petition "inadvertently included claims under Title VII, rather than just the Texas Labor Code." On the same

day, she filed an amended complaint, which omitted the Title VII claim. The court unfiled her amended complaint because it was filed without leave of court. Thereafter, on April 4, 2009, Plaintiff moved for leave to amend her complaint to omit the Title VII claim.

The court considers Plaintiff's motions together, because both essentially seek permission to amend her petition to omit the federal claim so that the court can remand the remaining state claims. Defendant opposes both motions, and argues that, under applicable law, the court must consider Plaintiff's pleading at the time of removal and that Plaintiff is not permitted to amend her complaint to destroy federal jurisdiction.

Defendant is correct that in ruling on a motion to remand, the court must consider the pleading that was live at the time of removal. "To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). Under this standard, the court looks to the Original Petition that was filed in state court and easily concludes that removal was proper because Plaintiff asserted a federal claim pursuant to Title VII. Accordingly, the court **denies** Plaintiff's Motion to Abstain and to Remand.

The court must therefore now consider whether Plaintiff may amend her complaint to remove the federal claim. Plaintiff cites the legal standard under Rule 15(a) of the Federal Rules of Civil Procedure and argues that Defendant will not be unduly prejudiced by her amendment. Defendant responds that Plaintiff may not amend her complaint to omit the remaining federal claim to avoid this court's jurisdiction.

Defendant relies upon *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985), in which the court noted: "The rule that a plaintiff cannot oust removal jurisdiction by voluntarily

**Memorandum Opinion and Order – Page 2**

amending the complaint to drop all federal questions serves the salutary purpose of preventing the plaintiff from being able to destroy the jurisdictional choice that Congress intended to afford a defendant in the removal statute." Defendant does not, however, note that the later Supreme Court case of *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), created an exception to this general rule that is applicable in this case.

In *Carnegie-Mellon*, the Court specifically considered whether the appellate court was correct in denying a petition for a writ of mandamus to a district judge. The facts of the underlying case are similar to the instant action. The underlying action in *Carnegie-Mellon* involved two plaintiffs who brought claims in state court relating to the termination of one of the plaintiff's employment with the university. *Id*. at 345. Plaintiffs brought both state and federal claims in the state court action. *Id*. Defendants removed the case to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a). Six months after the case was removed, the plaintiffs moved to amend their complaint and omit certain claims, including their only federal claim for age discrimination. *Id*. at 346. They also filed a motion to remand the case, conditional upon the court granting their motion for leave to amend. *Id*. The court granted the motion for leave to amend and then remanded the remaining state claims to state court. *Id*.

Defendants then filed a petition for a writ of mandamus against the district court judge in the United States Court of Appeals for the Third Circuit. *Id*. at 347. Initially, a panel granted the petition. *Id*. Later, the court, sitting *en banc*, vacated the panel opinions and the writ of mandamus. *Id*. at 348. The Court then granted *certiorari* to "resolve the split among the Circuits as to whether a district court has discretion to remand a removed case to state court when all federal-law claims have dropped out of the action and only pendent state-law claims remain." *Id*.

**Memorandum Opinion and Order – Page 3**

The Court held that a district court has such discretion. It concluded:

> A district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.

*Id*. at 357. Thus it is clear to the court that it may grant Plaintiff leave to amend her complaint to omit the Title VII claim and that the decision to remand is within its discretion.

The court has reviewed the parties' arguments and the record, and it determines that Plaintiff has made clear that the inclusion of the federal Title VII claim was inadvertent and that she has made good faith efforts to remove the claim. The court does not believe that forcing Plaintiff to litigate a claim she wishes to omit serves any purpose. Accordingly, the court **grants** Plaintiff's Motion for Leave to File Amended Complaint. Plaintiff is **directed** to file her Amended Complaint within **three business days** of this order.

**It is so ordered** this 30th day of June, 2009.

*[signature]*

Sam A. Lindsay
United States District Judge